■ MARY A. HUSTON, as Mother and Natural Guardian of WILLIAM J. HUSTON and Others, Infants, et al., Appellants, v. NYSA-ILA WELFARE FUND, Defendant, and GEORGETTE R. HUSTON, Respondent.— In an action to impress a trust upon a death benefit payable by the defendant NYSA-ILA Welfare Fund, plaintiffs appeal from an order of the Supreme Court, Queens County, dated May 8, 1973, which *inter alia* (1) denied their motion to compel payment into court of the fund in question and (2) granted defendant Huston's cross motion for summary judgment. Order modified by striking therefrom the second through fifth decretal paragraphs and by substituting therefor a provision denying defendant Huston's cross motion. As so modified, order affirmed, with $20 costs and disbursements to appellants, and stay of the payment of said proceeds (in order to show cause on plaintiff's motion) reinstated. In our view, an issue of fact exists as to whether the decedent, in designating defendant Huston as his death benefit beneficiary in 1963, after his abandonment of his family in 1961, acted with actual intent to defraud plaintiffs, who were his creditors under outstanding court orders of support (see Insurance Law, § 166, subd. 4; *Poringer* v. *Brody,* 13 A D 2d 567; *Northeastern Life Ins. Co. of N. Y.* v. *Leach,* 213 N. Y. S. 2d 357, 358). Under these circumstances, the granting of the cross motion for summary judgment was improper. Munder, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.

■ In the Matter of COUNTY OF NASSAU, Respondent, Relative to Acquiring Title to Real Property South of Park Street, Lido Boulevard, in the Vicinity of Bay Lane, Town of Hempstead, Lido Beach. SHELBORNE BEACH CLUB, INC., Appellant.— Resettled partial final decree of the Supreme Court, Nassau County, dated January 6, 1972, reversed, on the law and the facts, and new trial granted, with costs to abide the event (*Matter of County of Nassau [Colony Beach Club of Lido]*, 43 A D 2d 45, decided herewith). Munder, Acting P. J., Latham, Shapiro, Gulotta and Benjamin, JJ., concur.